Gabriel Del Virginia, Esq. (GDV-4951)
LAW OFFICES OF GABRIEL DEL VIRGINIA
*Proposed Attorneys for the Debtor
and Debtor in Possession.*
880 Third Avenue, 13th Floor,
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X

In re

**Citicare, Inc.,**                                    Chapter 11

                    Debtor.                            Case No.
------------------------------X

### DECLARATION OF SILVA UMUKORO PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES.

Silva Umukoro, pursuant to 28 U.S.C. § 1746, declares and respectfully says:

I am the president of Citicare, Inc., the above-captioned debtor and debtor-in-possession, the above-captioned debtor and debtor-in-possession (the "Debtor"), and I am familiar with the Debtor's business and financial affairs. I submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

A.   **Background.**

1. The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") on June x, 2013 (the "Petition Date"). The Debtor continues to manage its property

as a debtor and debtor-in-possession.

2. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

3. The Debtor is a New York Corporation and is a New York State Licensed Diagnostic and Treatment Center providing comprehensive primary and specialty care to medically underserved communities. The Debtor operates from its premises (the "Premises") located at 154 West 127th Street in the borough of Manhattan, City of New York.

4. The Debtor's emergent need to seek relief was necessitated by the Internal Revenue Service (the "IRS") levying the Debtor's accounts for tax liability, which the IRS alleges to be in the amount of approximately $1,100,000.00. Additionally, the New York Department of Health ("NYDPH") alleges that it is owed approximately $300,000.00 and, as a result, is withholding payment from the Debtor for services until the matter is resolved. The withholding of payment by the NYDPH has had an adverse effect on the Debtor's business.

5. The failure of the Debtor's business would adversely affect the residents medically underserved community which rely upon the Debtor as their primary source of medical care.

6. The Debtor's management believes that, given the breathing spell provided by the filing of this case, the Debtor

will be able to successfully reorganize through restructuring its finances, finding an investor and/or resolving consensually any issues with the IRS or NYDPH.

B. **Requirements of 11 U.S.C. § 1116.**

7. A balance sheet setting forth a summary of the Debtor's assets and liabilities, and statement of operations/cash flow is attached pursuant to 11 U.S.C. § 1116. The Debtor's current Federal tax return is being filed simultaneously herewith.

C. **Additional Information.**

8. The Debtor has no publicly held securities.

9. The Debtor operates from the Premises.

10. The location of the Debtor's substantial assets are at the Premises.

11. Any lawsuits to which the Debtor is a party will be set forth in the Statement of Financial Affairs, and incorporated by reference.

12. Your deponent is the president and the primary shareholder in the Debtor. The remaining shareholder(s) will be set forth in the Statement of Financial Affairs, and incorporated by reference.

13. The Debtor does not anticipate the payment of any Salary for the thirty-day period following the filing of the Debtor's petition to any shareholder, officer, or director. No

amount is proposed to be paid for services to any shareholder, officers, or directors for the thirty-day period following the filing of the Debtor's petition.

14. The Debtor currently employs approximately 24 people, which are primarily support staff for the physicians (the "Physicians"), and the Debtor contract with approximately 12 Physicians[1].

15. The Debtor anticipates approximate gross cash receipts of approximately $190,000.00 for the thirty-day period following the filing of the Debtor's petition and disbursements for the same period of approximately $190,000 broken down as follows: (a) approximately $80,000.00 for salary; (b) approximately $60,000.00 in payment of the Physicians and (c) approximately $50,000.00 for rent and utilities.

I hereby declare, pursuant to 28 U.S.C. §1746 that the foregoing is true to the best of my knowledge, information and belief.

Dated:   June 6, 2013
         New York, New York

                    *Citicare, Inc.,*
                    *Debtor and Debtor in Possession*
                    /s/ Silva Umukoro
                    Silva Umukoro
                    **President**

---

[1] The Physicians are independent contractors.