Gabriel Del Virginia, Esq. (GDV-4951)　　　　Presentment Date: August 23, 2013
LAW OFFICES OF GABRIEL DEL VIRGINIA　　　　Presentment Time: 12:00 noon
*Attorneys for the Debtor*
*and Debtor in Possession.*
880 Third Avenue, 13th Floor,
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
In re

Citicare, Inc.,                              Chapter 11

                    Debtor.                  Case No. 13-11902-alg
-------------------------------X

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF EISNERAMPER LLP, AS ACCOUNTANTS AND FINANCIAL ADVISORS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC FROM JUNE 9, 2013.**

TO:   THE HONORABLE ALLAN L. GROPPER,
      UNITED STATES BANKRUPTCY JUDGE

The application of Citicare, Inc., the debtor and debtor-in-possession (the "Debtor"), for an order authorizing the retention of EisnerAmper LLP("Eisner"), as accountants and financial advisors for the debtor and debtor-in-possession, *nunc pro tunc* from June 9, 2013, the Debtor respectfully represents and says: accountants and financial advisor

### CASE BACKGROUND.

1.   The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C.

§§101 et seq. (the "Bankruptcy Code") on June 9, 2013 (the "Petition Date"). The Debtor continues to manage its property as a debtor and debtor-in-possession. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

2. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

3. The Debtor is a New York Corporation, and is a New York State Licensed Diagnostic and Treatment Center providing comprehensive primary and specialty care to medically underserved communities. The Debtor operates from its premises (the "Premises") located at 154 West 127th Street in the borough of Manhattan, City of New York.

4. The Debtor's emergent need to seek relief was necessitated by the Internal Revenue Service (the "IRS") levying the Debtor's accounts for tax liability. Additionally, the New York Department of Health ("NYDPH") alleges that it is owed approximately $300,000 and, as a result, is withholding payment for the Debtor's services until the matter is resolved. The withholding of payment by the NYDPH has had an adverse effect on the Debtor's business.

5. The failure of the Debtor's business would adversely affect the medically underserved community of which many of its residents rely upon the Debtor as their primary source of medical care.

6. The Debtor's management believes that, given the breathing spell provided by the filing of this case, the Debtor will be able restructure its finances, find an investor and/or consensually resolve any issues with the IRS or NYDPH to successfully reorganize.

**RELIEF REQUESTED**.

7. The Debtor wishes to retain and employ Eisner as its attorneys in this chapter 11 case.

8. The Debtor has selected Eisner because it has extensive experience in bankruptcy cases; especially in chapter 11 cases of this character. The Debtor's management believes that the as accountants and financial advisors is well qualified to continue to provide services to the Debtor as a debtor-in-possession in the instant reorganization.

9. Eisner will render the following professional services:

    a) Monitoring the activities of the Debtor.
    b) Assisting in the preparation of and/or reviewing the monthly operating reports, budgets and projections.
    c) Analyzing and reporting on potential preferential payments.

    d)     Reviewing the filed claims for reasonableness against the Debtor's records and filing schedules.

    e)     Interacting with the Creditors' Committee and its retained professionals (the "Creditors"), should one be appointed.

    f)     As required, attending meetings with the Debtor and its Counsel, meetings with the Creditors and Court hearings.

    g)     Assisting in the preparation of the Plan of Reorganization and the Disclosure Statement.

    h)     Other assistance as the Debtor and its counsel may deem necessary.

10. To the best of Eisner's knowledge and belief, Eisner is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and has no interest, nor does it represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants, as may be set forth in the declaration of Ira Spiegel, annexed to this Application and made a part hereof.

11. Eisner represents no interest adverse to the Debtor as a debtor-in-possession or to its estate and their employment would be in the best interest of the Debtor, its estate and its general creditor body.

12. The Eisner billing rates are as follows:

| | |
|---|---|
| Partner | $470 - $550 per hour |
| Director | $380 - $460 per hour |
| Senior Manager | $340 - $365 per hour |
| Manager | $310 - $340 per hour |
| Senior | $240 - $280 per hour |
| Staff Assistants/ Paraprofessionals | $155 -$255 per hour |

**WHEREFORE**, The Debtor respectfully requests that this Court enter an order:

(a) authorizing the Debtor to employ and retain Eisner in this case, effective as of the Petition Date; and

(b) granting the Debtor such other and further relief as may be appropriate.

Dated:   August 7, 2013
         New York, New York

*Citicare, Inc.,*
*Debtor and Debtor in Possession*
*/s/ Silva Umukoro*
Silva Umukoro
**President**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| CITICARE, INC; | : |
| | : Case No. 13-11902-alg |
| Debtor. | : |

AFFIDAVIT OF IRA SPIEGEL IN SUPPORT OF THE APPLICATION
FOR RETENTION OF EISNERAMPER LLP AS ACCOUNTANTS AND
FINANCIAL ADVISORS FOR THE DEBTOR

IRA SPIEGEL, being duly sworn, deposes and states that the following is true to the best of my knowledge, information and belief:

1. I am a Certified Public Accountant and a director of EisnerAmper, LLP ("Eisner"), Accountants and Consultants, which maintains offices at 750 Third Avenue, New York, New York 10017 and as such am fully familiar with the facts and circumstances as set forth herein.

2. My firm has extensive familiarity with accounting practice in insolvency matters in the bankruptcy courts.

3. This affidavit is being submitted in connection with the application of the Debtor to retain Eisner as its accountants in the above-captioned Chapter 11 Debtor case.

4. To the best of my knowledge and belief, my firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and has no interest,

nor does it represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants, and that in the course of its practice, the Eisner firm may have been retained in other matters in which some of the parties to this proceeding may have been parties.

5. I have reviewed a list of parties in interest as they are currently known, including the lists of secured and unsecured creditors and have determined to the best of my knowledge and after due inquiry that Eisner has not represented any such entity.

6. I have discussed the services required with the Debtor and Debtors' attorney, which services consist of the following:

    a) Monitoring the activities of the Debtor.
    b) Assisting in or the preparation of and/or reviewing the monthly operating reports, budgets and projections.
    c) Reviewing the filed claims for reasonableness against the Debtor's records and filing schedules.
    d) Interacting with the Creditors' Committee and its retained professionals (the "Creditors"), should one be appointed.
    e) As required, attending meetings with the Debtor and its Counsel, meetings with the Creditors and Court hearings.
    f) Assisting in the preparation of the Plan of Reorganization and the Disclosure Statement.
    g) Other assistance as the Debtor and its counsel may deem necessary.

7. All services shall be planned and directly supervised by members of the Reorganization and Insolvency Department of Eisner.

8. The services to be rendered will be charged at the following rates:

| | |
|---|---|
| Partner | $470 - $550 per hour |
| Director | $380 - $460 per hour |
| Senior Manager | $340 - $365 per hour |
| Manager | $310 - $340 per hour |
| Senior | $240 - $280 per hour |
| Staff Assistants/ Paraprofessionals | $155 -$255 per hour |

In the normal course of business, my firm revises its hourly rates as of August 1st of each year. EisnerAmper acknowledges that prior to any increase in rates for any individual retained by EisnerAmper and providing services in this case, Eisner shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Eisner's client has consented to the rate increase. Eisner acknowledges that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

9. Eisner shall seek to be compensated for services rendered and for the reimbursement of disbursements upon appropriate application to this court in accordance with the bankruptcy code, bankruptcy rules, fee guidelines and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

WHEREFORE, it is respectfully requested that an order be entered authorizing the retention of Eisner to act as accountants and advisors to the Debtor.

*[signature]*
Ira Spiegel, CPA, Director

Signed and sworn to before me
This 1st day of August 2013

*[signature]*
Notary Public

JOYCE GILROY
Notary Public, State of New York
No. 01GI6289856
Qualified in Richmond County
Commission Expires Oct. 9, 2016

Page 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re

Citicare, Inc.,                                Chapter 11

                Debtor.                        Case No. 13-11902-alg
------------------------------X

### ORDER AUTHORIZING THE RETENTION OF EISNERAMPER LLP, AS ACCOUNTANTS AND FINANCIAL ADVISORS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC JUNE 9, 2013.

Upon the application (the "Application") of Citicare, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor" or "Applicant"), seeking the entry of an order pursuant to 11 U.S.C. § 327, authorizing the retention of EisnerAmper LLP("Eisner"), as accountants and financial advisors to the Debtor, and upon the submissions annexed thereto in support thereof, including the declaration of Ira Spiegel, wherein it appears that Eisner does not hold or represent any interest materially adverse to the Debtor or the estate and said professional is a "disinterested person" within the meanings of 11 U.S.C. §§ 101(14) and 327; and it appearing that such retention is in the best interests of the Debtor's estate; and it appearing that notice of the Application was provided to the United States Trustee; and no objections having been interposed; and sufficient cause appearing therefor; it is

**ORDERED**, that pursuant to 11 U.S.C. § 327, the Debtor be, and hereby is, authorized, to retain Eisner, as of June 9, 2013 upon the terms and for the purposes set forth in the Application; and it is

1

further

**ORDERED**, that in the event that Eisner increases the rates set forth in the Application, Eisner shall provide prior notice of such rate increases to the Debtor, Committee counsel, if any, and the United States Trustee; and it is further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid by the Debtor for services rendered by Eisner, except upon a proper application and by further order of this Court pursuant to 11 U.S.C. §§330 and 331, and the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, the United States Trustee Guidelines and any Standing Order of the Court.

Dated:    New York, New York
          August   , 2013

_____
**UNITED STATES BANKRUPTCY JUDGE**


NO OBJECTION:

_____
OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF NEW YORK