Exhibit F

Note and Security Agreement

**SECURED PROMISSORY NOTE AND LOAN**

$350,000.00                                                                                                                June 30, 2015

      This Note and Loan hereunder are made in connection with that certain Stock Purchase and Loan Agreement effective June 30, 2015 ("S&L Agreement") and certain administrative services agreement ('ASA") dated May 11, 2015 by and among entrePower Holdings, LLC, a Florida limited liability company or its designee ("Purchaser" or "Lender"), Citicare Inc., a New York corporation with an address at 154 West 127th Street, New York, New York 10027 ("Seller" or "Borrower") and the stockholders thereof. Lender agrees to loan to Borrower the amount of three hundred fifty thousand dollars ($350,000) (referred to as the "Loan" under this this Agreement and the S&L Agreement"). Two hundred fifty thousand dollars ($250,000) has already been advanced to the Borrower prior to this date and the remaining amount of the Loan shall be advanced to the Borrower by Lender as needed by Borrower to support its business operations and in accordance with a schedule mutually agreed upon by the parties. For value received, Borrower does hereby bind and oblige itself to pay to the order of Lender the sum of three hundred fifty thousand and 00/00 dollars ($350,000) together with interest as hereinafter set forth (the "Loan"):

      1.   **INTEREST:** Interest shall be charged on the unpaid principal balance at the rate of eight percent (8%) per annum from the date any portion of the Loan is advanced to Borrower. Interest shall be calculated for the actual number of days that principal is outstanding based on a year of 360 days and paid commencing on September 1, 2015 and on the 1st day of each consecutive month thereafter.

      2.   **REPAYMENT:** This Loan shall be repaid in the amount of the balance of principal and accrued interest due and owing under this Note (the "Maturity Date") upon that date which is the earlier of (a) December 31, 2015, (b) the Closing Date as set forth in S&L Agreement, (c) date of the termination of S&L Agreement and (d) such earlier date (if ever) when Borrower receives Minimum Amount of Reimbursement as defined in the S&L Agreement. If the amount of Reimbursement is less than the Minimum Amount of Reimbursement, then the Loan shall be reduced by the amount of the actual amount of Reimbursement received by Corporation. Borrower shall have the right at any time during the term hereof to prepay all or a part of the principal balance then outstanding under this Note. If Borrower does not receive Minimum Amount of Reimbursement prior to Closing or the amount of Reimbursement is not sufficient to repay the Loan in its entirety, then at the Closing any remaining balance of the Loan shall be converted into shares of common stock of the Borrower at the rate of $2,947 per share issued to Lender. Upon such conversion of the Loan into common shares of Corporation, the Loan shall be deemed satisfied and paid in full.

      3.   **SECURITY:** This Note and the Loan hereunder are subject to Borrower entering into that certain Security Agreement and complying with the terms thereof as an express prior condition of Lender making the Loan. Borrower's breach of the Security Agreement shall be a breach of this Note and an Event of Default.

**4. LATE CHARGE:** The effective date of the receipt by Lender of any payment due under this Note shall be the day on which Lender receives cash or collected funds at the address specified in the "Notices" Section of this Note, or such other address as may be specified by Lender. In the event a payment is not received within ten (10) days from the date it is due hereunder, a "late charge" of up to $0.06 for each $1.00 so overdue may be charged by the holder for the purpose of defraying the expense incident to handling such overdue payment. However, this provision shall not constitute consent or an agreement to extend the time for payment of any installment beyond the due date.

**5. INTEREST AFTER DEFAULT:** After the occurrence and during the continuance of an acceleration, maturity, or an Event of Default hereunder, the per annum effective rate of interest on all outstanding principal under the Loan, shall be increased by an additional five percent (5%). All such increases shall be applied retroactively to the date of the occurrence of the Event of Default. Borrower agrees that the default rate payable to Lender is a reasonable estimate of Lender's damages and is not a penalty.

**6. EVENTS OF DEFAULT:** Each of the following shall constitute an Event of Default ("Event of Default") hereunder:

**(A)** Failure of Borrower to pay any installment of principal or interest on the date when it is due hereunder.

**(B)** Failure of Borrower to perform or comply with any of the agreements, conditions, covenants, provisions or stipulations contained in this Note or in the S&L Agreement, ASA and the Security Agreement by and between Borrower and Lender executed simultaneously with this Note and Loan (collectively, the "Transaction Agreements"), and continuance of such failure uncured for ten (10) days after written notice other than for payment default specifying such failure and requesting that it be cured is given by Lender to Borrower, PROVIDED that if the failure is of such a nature that it can be cured (as determined by Lender) but not within the ten (10) day period, it shall not constitute an Event of Default so long as Borrower promptly initiates corrective action within such ten (10) day period and diligently pursues such action in a manner satisfactory to Lender.

**(C)** The occurrence of an event of default or Event of Default as defined in this Note or a breach of any of the Transaction Agreements or failure to comply with the terms and conditions thereof or of any other document delivered to Lender in connection with the Note by Borrower and/or any other person or entity liable, directly or indirectly, for the payment of the Note.

**(D)** Any assignment for the benefit of creditors made by Borrower.

**7. REMEDIES UPON DEFAULT:** Upon the occurrence of any Event of Default, the entire unpaid principal balance and accrued interest due under the Note shall become immediately due and payable, at the option of Lender, without notice or demand other than as set

forth in the "Events of Default" Paragraph of this Note and Lender may thereupon exercise all rights and remedies available to it.

      8. **MAXIMUM RATE OF INTEREST:** Notwithstanding anything to the contrary contained herein or in any other Transaction Agreement executed in connection with the Loan, the effective rate of interest on the Loan shall not exceed the maximum effective rate of interest permitted by applicable law or regulation. The Borrower hereby agrees to give Lender written notice in the event that Borrower has actual knowledge that any interest payment made to Lender with respect to this Loan will cause the total interest payments collected in any one year to be usurious under applicable law, and Lender hereby agrees not to collect knowingly any interest from the Borrower in the form of fees or otherwise which will render this Loan usurious. In the event that such interest would be usurious in Lender's opinion, Lender reserves the right to reduce the interest payable by the Borrower. This provision shall survive Closing and the repayment of the Loan.

      9. **ATTORNEY'S FEE:** If this Note is placed in the hands of an attorney for collection because of a default which is not cured in accordance with the terms hereof or in the terms of the any Transaction Agreement, the Borrower agrees to pay the reasonable fees and costs of such attorney, whether or not legal action is instituted and further consent that if a judgment is entered in any action the amount of such fees shall form a part of such judgment in addition to any fees allowed by Statute or Rule of the Court.

      10. **NOTICES:** All notices given hereunder shall be in writing and delivered by personal hand delivery or mailed by certified mail, return receipt requested, addressed as follows and deemed to be delivered on the day of hand delivery or on the day of deposit in the mail to the addresses for the Borrowers and Lender set forth above.

      11. **PAYMENT AT MATURITY:** THIS LOAN IS PAYABLE IN FULL ON THE MATURITY DATE OR UPON DEMAND IN THE EVENT OF A DEFAULT HEREUNDER OR DEFAULT UNDER ANY TRANSACTION AGREEMENT OR DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER DOCUMENT DELIVERED TO LENDER IN CONNECTION WITH THE NOTE BY BORROWER. BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.

      12. **GOVERNING LAW; JURISDICTION AND VENUE:** The Borrower and Lender elect that the laws of New York shall govern the construction of this Note and the rights, remedies, warranties, representations, covenants, and provisions hereof without regard to the principles of conflict of laws. Any litigation arising out of this Note shall be filed in the appropriate Court of jurisdiction in Westchester County, New York. Borrowers and Lender agree to waive all rights to contest such venue as improper or inconvenient.

      13. **SEVERABILITY:** If any provision of this Note shall contravene or be held invalid under the laws of any jurisdiction, this Note shall be construed as if it did not contain such provision, and the rights, remedies, warranties, representations, covenants and provisions hereof shall be construed and enforced accordingly in such jurisdiction and shall not in any manner affect such provision in any other jurisdiction, or any other provision of this Note.

**14. WAIVER OF PRESENTMENT:** Each and all parties hereto whether maker, endorser, sureties, guarantors or otherwise do hereby jointly and severally waive presentment and demand for payment, notice of dishonor, protest and notice of protest.

**15. WAIVER OF JURY TRIAL:** BORROWER HEREBY INTENTIONALLY, KNOWINGLY, VOLUNTARILY, EXPRESSLY AND MUTUALLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (1) ARISING UNDER THIS NOTE OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF BORROWER AND LENDER WITH RESPECT TO THIS NOTE, OR THE TRANSACTION AGREEMENTS RELATED THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER IN CONTRACT OR TORT OR OTHERWISE, AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT LENDER MAY FILE THIS ORIGINAL NOTE OR A TRUE COPY THEREOF WITH ANY COURT AS WRITTEN EVIDENCE TO THE CONSENT OF BORROWER TO THE WAIVER OF RIGHT TO A TRIAL BY JURY.

*Signature Page follows*

IN WITNESS WHEREOF, the Borrowers have hereunto set their hands and seal the day and year first above written.

**Citicare, Inc.**

By: _____
Silva F. Umokoro, President